**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Scott M. Plescia (349319)
scott@loker.law
Elizabeth A. Wagner (317098)
elizabeth@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorney for Plaintiff*,
Christopher Lee

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>II. **CALIFORNIA IDENTITY THEFT ACT; AND,**<br><br>III. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

3. CHRISTOPHER LEE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CAPITAL ONE, N.A. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332.

10. Plaintiff is a citizen of the State of California who seeks more than $75,000 from Defendant, a citizen of the State of Virginia.

11. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, *et seq*. ("CCCRAA"); and, (iii) California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Riverside County; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Riverside, California, from whom Defendant sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

15. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

16. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

17. Defendant is a bank operating from the State of Virginia.

18. Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Defendant is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

20. Defendant in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore both a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

21. Defendant is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

22. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiff is an individual residing within the State of California.
24. On April 13, 2023, Plaintiff received a call from the Mechanic Bank Auto Loan Department.
25. Plaintiff found this strange has he had never financed a vehicle through Mechanic Bank.
26. After speaking with Mechanic Bank, Plaintiff soon realized he was the victim of identity theft.
27. Plaintiff then called the Riverside Police Department and filed a police report regarding the identity theft.
28. Plaintiff then contacted his financial advisor, who apprised Plaintiff that a second vehicle had been fraudulently financed in his name through Defendant.
29. The loan through Defendant was for approximately $39,000 and was to secure a 2022 Toyota Tacoma.
30. Both the fraudulent loans occurred at auto dealerships in Las Vegas, Nevada.
31. It had been several years since Plaintiff had lived in Las Vegas, Nevada.
32. Plaintiff disputed the fraudulent debt directly with Defendant.
33. Plaintiff also filed disputes with the Credit Bureaus.

34. Plaintiff's disputes included an explanation as the basis for Plaintiff's belief that Plaintiff is the victim of identity theft as well as substantiating documentation.
35. Despite Plaintiffs disputes, Defendant has continued to try and collect this fraudulent debt from Plaintiff.
36. On April 12, 2024, Defendant sent correspondence claiming that Plaintiffs identity theft claim was not valid, and that Plaintiff was responsible for the debt.
37. On April 16, 2024, Defendant once again sent correspondence claiming that Plaintiffs identity theft claim was not valid, and that Plaintiff was responsible for the debt.
38. Defendant's investigations were unreasonable.
39. More specifically, Defendant should have discovered from Defendant's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading.
40. Plaintiff contends that it was unreasonable for Defendant to not contact Plaintiff for further information if needed; to not contact the Police Department.
41. Defendant continues to maintain an interest in the fraudulent debt as of the date of filing this lawsuit.
42. Through this conduct, Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should know was inaccurate.
43. Through this conduct, Defendant violated Cal Civ. Code § 1798.93.
44. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.
45. Defendant's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was willful.

46. Defendant's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendant's knowledge of the actual error was reckless.

47. Defendant's failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendant's duty to refrain from reporting inaccurate information.

48. Accordingly, Defendant willfully and negligently failed to comply with Defendant's respective duties to reasonably investigate Plaintiff's dispute.

49. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

50. Defendant's conduct has caused Plaintiff emotional distress.

51. Plaintiff has spent countless hours disputing this inaccurate information with Defendant in an attempt to provide any and all information needed for the investigations.

52. While Plaintiff was thorough in Plaintiff's disputes at all times, Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

53. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

54. Despite Plaintiff's repeated attempts, Defendant continue to report an invalid debt to Plaintiff's credit report.

55. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

56. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

57. These documents should have caused Defendant to remove the inaccurate information from Plaintiff's credit report.

58. By intentionally reporting continuing obligations, Defendant acted in conscious disregard for Plaintiff's rights.

59. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendant took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

60. Throughout this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

62. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

63. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

64. Defendant violated Cal Civ. Code § 1798.93.

65. Defendant's intrusions caused Plaintiff to sustain injury, damages, loss, and harm in the form of emotional distress and pecuniary loss as discussed herein.

66. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE § 1785.1, ET SEQ.**

**[AGAINST DEFENDANT]**

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

69. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

70. Because Defendant is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

71. Since Defendant received all documents required to determine the inaccuracy of Defendant's reporting, Defendant should have known to update said reporting.

72. Defendant also should have determined that Defendant's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT II
## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE § 1798.92-1798.97
## [AGAINST DEFENDANT]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

75. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT III
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST DEFENDANT]

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

78. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- A declaration regarding Plaintiff's lack of liability to the claimants pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2);
- An injunction regarding claimants pursuant Cal. Civ. Code § 1798.93(c)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

79. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 25, 2024                                          Respectfully submitted,

**LOKER LAW, APC**

By:   ___/s/ Elizabeth A. Wagner___
ELIZABETH A. WAGNER, ESQ.
ATTORNEY FOR PLAINTIFF